The opinion of the Court was delivered by
O’Neall, J.
The only question in the case is, whether the writ issued in Anderson District, and called an alias, was a good continuance of the original writ issued in and returned to Pickens District. That it was not, I entertain no doubt, on both of the grounds taken ' in the notice of appeal. Our original writ is in place of the eapias of the English Courts. In 1 Sell. 71, after speaking of the eapias, it is said, “if defendant can be served before the return thereof, sue out a eapias by continuance, which is precisely the same as the first eapias, only put in the praecipe the words eapias by continuance, and also the date, when the first writ issued.” In 2 Arch. Prac. 157, it is said, “ care must be taken that the writ upon which the defendant is arrested, or ultimately brought before the Court, be of the same species with that originally sued out, and entered on the roll as above mentioned, and that the continuances correspond with both.”
From these authorities it is plain that the original and alias, must correspond in all the essential parts. Both writs are *445 sufficiently identical, in being for slander, and for words spoken. The description of the canse of action, if generally the same, would not by a slight change in the words used in describing it in the alias, render it no continuance of the original. Neither would the fact, that the alias was signed by other attorneys, than he who issued the original, be any objection to it. The damages laid in the original writ, are, however, an important and essential part of it, and in this particular the alias must correspond with it; for when we find the damages are laid in the two writs at different sums, the conclusion is inevitable that they are not for the same cause of action. This conclusion cannot be helped by anything out of the record.
That one is a continuance of the other must appear by comparison, and is to be judged of alone from the identity of both writs, in all the essentials. In this case the damages are laid in the original at two thousand dollars, and in the alias at five thousand dollars. This is a clear variance, and prevents the alias writ, as it is called, from being a continuance of the original.
An alias can only be issued from the clerk’s office of the district to which the original is returnable. Before the alias is issued, the original must be returned; and being returned, the clerk then may seal the alias. No other clerk could seal the alias but he who was the clerk of the district to which the original was returned; for that is the warrant to issue the alias ; and none but he, to whose office it belongs as a record, could have it before him, to authorize the issuing of the latter.
On both grounds, therefore, the writ called an alias was not a continuance of the original, and must itself be regarded as the commencement of the suit. The statute of limitations had run before it issued, and consecpiently the plaintiff was not entitled to recover.
The motion for a nonsuit is granted.
JOHNSON and Hakjpbb, JJ.," concurred.

Motion granted.